UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 23-208

IRVIN J. LEFERE, JR.                        SECTION "R" (4)

## ORDER AND REASONS

Before the Court is defendant Irvin Lefere's motion to withdraw his guilty plea.[1]  The Government opposes the motion.[2]  For the following reasons, the Court denies defendant's motion.

## I.    BACKGROUND

On July 31, 2024, Lefere, represented by an assistant public defender present, pled guilty to one count of being a felon in possession of a firearm and ammunition.[3]  In the re-arraignment proceeding, the Court informed Lefere that the count carried a statutory maximum sentence of 15 years imprisonment and a fine not to exceed $250,000.[4]  The defendant affirmed that he understood that the sentence the Court imposed could be different from any estimate provided by his lawyer and that the Court could impose a sentence outside of the guideline range after accounting for "all of the

---

[1]      R. Doc. 47.
[2]      R. Doc. 53.
[3]      Transcript of Rearraignment Proceedings, R. Doc. 52, at 3.
[4]      *Id.*

relevant facts."[5]  Lefere also affirmed that he understood that the Court could impose the maximum sentence the Court described to him.[6]  At the conclusion of the rearraignment hearing, the Court asked Lefere if he fully understood the consequences of pleading guilty, to which Lefere said "I'm sure a maximum penalty of 15 years."[7]  The Court then asked whether Lefere was pleading guilty because he was, in fact, guilty, to which Lefere responded "I'm pleading guilty because I'm, in fact, guilty."[8]

The Court further explained to Lefere that in connection with the sentencing, the Court would order a presentence investigation report (PSR). The Court confirmed that Lefere understood that he would have an opportunity to review the report and object to either the facts or conclusions within it.[9]

On October 1, 2024, Probation issued a draft PSR.[10]  The defendant did not object to the PSR; Probation released a final PSR on October 22, 2024.[11] That same day, defendant's initial assistant public defender withdrew from

---

[5]      *Id.* at 6.
[6]      *Id.*
[7]      *Id.* at 14.
[8]      *Id.*
[9]      *Id.* at 15.
[10]     R. Doc. 28.
[11]     R. Doc. 29.

representation; the Court appointed current defense counsel on October 24, 2024.

The sentencing has since been continued four times, each time on defense counsel's motion for additional time to "address the defendant's concerns."[12]  It is currently set for January 21, 2026.

Lefere now moves to withdraw his guilty plea.  Lefere asserts that "enhancements, offense characteristics, and aggravating facts not contained in the stipulated Factual Basis, nor admitted to by Mr. Lefere at the plea hearing" were incorporated into the PSR.[13]  In the signed factual basis, Lefere acknowledged that the limited purpose of the factual basis was to demonstrate a sufficient basis for Lefere's guilty plea and that the document "does not contain all information known to the defendant about the charged conduct."[14] Lefere asserts that because of the PSR's inclusion of facts not in the Factual Basis, and the impact on the Guidelines sentencing range, his plea was neither knowing nor voluntary.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea before sentencing if he shows a "fair and just reason

---

[12]    R. Docs. 33, 37, 42, 45.
[13]    R. Doc. 47.
[14]    R. Doc. 26, at 2.

3

for requesting the withdrawal." A defendant does not have an "absolute right to withdraw" a guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

The Fifth Circuit applies the seven-factor test in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), to determine whether a defendant has shown a "fair and just reason." *United States v. Harrison*, 777 F.3d 227 (5th Cir. 2015). The court must consider: 1) whether a defendant asserts his innocence; 2) whether the withdrawal would cause the government to suffer prejudice; 3) the defendant's delay in filing the motion; 4) whether withdrawal would inconvenience the court; 5) whether close assistance of counsel was available; 6) whether the original plea was knowing and voluntary; and 7) whether withdrawal would waste judicial resources. *Id.* at 234. The district court need not make findings as to each factor but should decide based on the totality of the circumstances. *Id.* An evidentiary hearing on a motion to withdraw a guilty plea is required only when the defendant alleges sufficient facts that, if proven, would justify relief under *Carr.* *Id.*

## III. DISCUSSION

The Court finds it appropriate to address the motion to withdraw the guilty plea on the pleadings because Lefere has not alleged sufficient facts that, if proven, would justify relief. *Id.* Here, each of the *Carr* factors weighs

against permitting the withdrawal. Lefere has not asserted his innocence, which weighs toward denial of the withdrawal. The withdrawal would cause the Government to suffer prejudice, as the Government would have to prepare for a trial after more than a year of reliance on the defendant's guilty plea as obviating the need to prepare for trial. This factor, too, weighs toward denying the withdrawal.

Further, the defendant delayed in filing his motion, which again weighs toward denial. The motion to withdraw came eleven months after the issuance of the final PSR and the appointment of current counsel.[15] The Fifth Circuit has weighed delays of five days, twenty-two days, and six weeks against defendants; the eleven months at issue here certainly qualify. *See, e.g.*, *id.* at 237; *United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009); *Carr*, 740 F.2d at 345. Fourth, withdrawal would inconvenience the Court, which has a busy docket and trial schedule. *See, e.g.*, *Harrison*, 777 F.3d at 231.

Lefere has also not alleged the absence of close assistance of counsel, and he was represented by counsel at his rearraignment. During the rearraignment, Lefere affirmed that he was "satisfied with the advice and

---

[15]    R. Docs. 28, 47.

services of [his] lawyer" when asked by the Court.[16]  As to assistance of counsel, Lefere alleges only that the "unforeseen PSR issues could not have been anticipated."[17]  This is patently false.  Lefere could have made an objection to the pre-sentence report when probation filed the draft report on October 1, 2024.  Lefere had the assistance of the federal public defender during the initial objection period for the draft PSR.  Additionally, while not a factor in the plea withdrawal analysis, the Court notes that it has provided Lefere with three additional months in which to make objections to the pre-sentence investigation report.[18]

Further, Lefere's plea was knowing and voluntary, which strongly weighs against withdrawal.  In the Fifth Circuit, a plea is knowing and voluntary if the defendant is "advised of and understand[s] the consequences of the plea." *United States v. Landreneau*, 967 F.3d 443, 450 (5th Cir. 2020) (quoting *United States v. Williams*, 116 F. App'x 539, 540 (5th Cir. 2004) (per curiam)).  A defendant's statement that a plea was knowing and voluntary, like the statement made by Lefere during his re-arraignment, creates a presumption that the plea is valid.[19] *United States v. Washington*,

---

[16]    R. Doc. 52, at 11.
[17]    R. Doc. 47.
[18]    R. Doc. 50.
[19]    Transcript of Rearraignment Proceedings, R. Doc. 52, at 3.

480 F.3d 309, 316 (5th Cir. 2007).  To know the consequences of the guilty plea, the defendant must know the maximum prison term and fine for the offense.  *Williams*, 116 F. App'x at 540; *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) ("The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.") (quoting *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982).  Lefere knew the maximum fine and prison term; indeed, he stated that it was fifteen years during the rearraignment.

Lefere asserts that his plea was not knowing and voluntary because he did not expect the PSR to use information beyond that in the factual basis. Such an expectation was unreasonable, particularly given his colloquy with the Court about the PSR and that the Court could impose a sentence different from the guidelines sentence after accounting for "all of the relevant facts."[20] Moreover, in signing the factual basis, Lefere acknowledged that it did "not contain all information known to the government about the charged conduct."[21]  His asserted expectation that the PSR would contain only information from the factual basis does not change that the record reflects that Lefere knew the consequences of his guilty plea, including the maximum

---

[20]    *Id.* at 6.
[21]    R. Doc. 26.

prison term and fine for the offense.  Finally, Lefere's withdrawal would waste judicial resources because it would require repetition of the scheduling and trial preparation the court undertook prior to Lefere's entry of the plea.

Each of the *Carr* factors weighs against Lefere having a "fair and just reason" to withdraw his plea of guilty.  In sum, the totality of the circumstances show that Lefere has not pled a fair and just reason for withdrawal.  Therefore, the Court denies Lefere's motion to withdraw.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Lefere's motion to withdraw plea of guilty.

New Orleans, Louisiana, this 17th day of November, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE